UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――――

ALBERT SERION,

                     Plaintiff,

-v-

NUANCE COMMUNICATIONS, INC., *et al.*,

                     Defendants.

21-CV-4701 (JPO)

OPINION AND ORDER

―――――――――――――――――――――――――――――――――

J. PAUL OETKEN, District Judge:

      Following the Court's February 7, 2022 Opinion and Order (Dkt. No. 19) denying a motion for an award of attorney's fees and expenses of $250,000, Monteverde & Associates PC ("Monteverde"), Plaintiff's counsel, filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). (Dkt No. 20.) For the reasons that follow, Monteverde's motion is denied.

**I.    Discussion**

      On February 7, 2022, this Court denied Monteverde's motion for attorney's fees. (Dkt. No. 19.) The Court concluded that the supplemental disclosures Nuance made following the filing of Plaintiff's complaint did not confer a substantial benefit on Nuance shareholders. (Dkt. No. 19 at 3–6.)

      Monteverde now moves for reconsideration of the Court's Opinion and Order. (Dkt. No. 20.) A motion brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure "may be granted only if the movant satisfies the heavy burden of demonstrating an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Fireman's Fund Ins. Co. v. Great Am. Ins. Co.*, 10 F. Supp. 3d 460, 475

1

(S.D.N.Y. 2014) (internal quotation marks omitted).  It is "well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple."  *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (internal quotation marks omitted).  The rule must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court and to prevent the rule from being used as a substitute for appealing a final judgment."  *In re Evergreen Mut. Funds Fee Litig.*, 240 F.R.D 115, 117 (S.D.N.Y. 2007) (cleaned up).  It is therefore treated as an "extraordinary remed[y]" that is to be employed sparingly.  *Fireman's Fund*, 10 F. Supp. 3d at 475.

Monteverde contends that the Court overlooked or did not engage meaningfully engage with the core of its argument — that the analysis provided by Nuance was not "fair" — because it failed to recognize the significance of the multiples and individual price targets that were disclosed after Plaintiff filed a complaint.  The Court addresses both these arguments

  A.  **Withheld Multiples**

Monteverde argues that the Court overlooked its argument that the disclosure of the previously withheld multiples was significant "because they exposed the misleading nature of Evercore's *Selected Company Trading Analysis*, and highlighted that the analysis actually cut against the purported 'fairness' of the Transaction touted by the Proxy."  (Dkt. No. 21 at 4.)  By concluding that the proxy statement provided a fair summary without the withheld multiples, Monteverde contends, the Court misconstrued the misleading nature of the analysis.  (Dkt. No. 21 at 4–5.)

Monteverde points to no controlling facts or law that the Court overlooked in reaching its decision.  Nor could it, as the Court explicitly considered the evidence that Monteverde relies on

in urging the Court to reconsider its decision. For instance, Monteverde explains that Evercore excluded multiples above 75.0x from the analysis, which produced "misleadingly low ranges of implied equity values for Nuance." (Dkt. No. 21 at 4). The Court addressed this exact claim in its Opinion and Order. (*See* Dkt. No. 19 at 4 ("Monteverde contends that the disclosure revealed that Evercore omitted multiples that were above 75.0x, resulting in a misleading valuation range.").) Monteverde simply disagrees with the Court's conclusion that disclosure of the withheld multiples did not confer a substantial benefit because Nuance had already provided a detailed summary of Evercore's analysis and Nuance made clear that the proxy statement did not represent a complete description of the analysis that was performed. (*See* Dkt. No. 19 at 5.) But it has not presented a "change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," *Fireman's Fund*, 10 F. Supp. 3d at 475, as required under Rule 59(e).

### B.  Equity Research Analyst Price Targets

Monteverde also contends that the Court "overlooked [its] argument when it mischaracterized the disclosure of the eight research analyst price targets . . . as simply '[q]uibbles with a financial advisor's work.'" (Dkt. No. 21 at 10.) Monteverde explains that the summary of the targets in the Proxy concealed the truth that seven out of eight price targets exceeded the Merger Consideration. (*Id.*)

However, the Court expressly considered the fact that seven of the eight targets exceeded the $56.00 value of the merger consideration. (Dkt. No. 20 at 5). The Court concluded that a range of target prices provided a fair summary of Evercore's work such that disclosure of the individual targets did not confer a substantial benefit. (*Id.* at 6). Monteverde "merely seeks to relitigate [issues] that [were] previously decided," *Hernandez v. Loans*, No. 16 Civ. 3755, 2016

WL 6561415, at *1 (S.D.N.Y. Oct. 24, 2016), which is not an appropriate basis for granting a Rule 59(e) motion.  *See also Psihoyos v. John Wiley & Sons, Inc.*, No. 11 Civ. 1416, 2013 WL 4441475, at *2 (S.D.N.Y. Aug. 20, 2013) (denying reconsideration where the movant "has simply rehashed arguments it has already made and that this Court has already rejected"); *R.F.M.A.S Inc., v. Mimi So.*, 640 F. Supp. 2d 506, 512 (S.D.N.Y. 2009) ("A party's fundamental disagreement with a court's legal analysis and conclusions as to a matter fully considered does not serve as sufficient ground to warrant reconsideration.").

While Monteverde may disagree with the Court's February 7, 2022 Opinion and Order, it has failed to point to any controlling law or fact that this Court overlooked or any clear error warranting reconsideration.

## II.   Conclusion

For the foregoing reasons, Monteverde's motion to reconsider the Court's February 7, 2022 Opinion and Order is DENIED.  The Clerk of Court is directed to close the motion at Docket Number 20.

SO ORDERED.

Dated: April 20, 2022
       New York, New York

_____
J. PAUL OETKEN
United States District Judge

4